SCHULTHEIS v. CAUGHEY.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. PRINCIPAL AND AGENT (§ 100\*)—AUTHORITY—SCOPE.

The general manager of a stock brokerage firm in charge of a branch was authorized to receive a protest by a customer such as prevented an account from becoming stated.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 100.\*]

2. ACCOUNT STATED (§ 5\*)—EXISTENCE.

There is no account stated where the debtor protests accuracy of the account.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 16; Dec. Dig. § 5.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ACCOUNT STATED (§ 5*)—ESSENTIALS.

   To constitute an account stated, there must be a mutual agreement between the parties as to the allowance of their respective claims and as to the balance struck upon final adjustment of the whole account.

   [Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 16; Dec. Dig. § 5.*]

Appeal from Trial Term, New York County.

Action by Christian Schultheis against Clemens J. Caughey. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Herman A. Heydt, for appellant.
Samuel J. Rosensohn, for respondent.

DOWLING, J. Plaintiff sues as assignee of the claim of Arnold Leo & Co. against defendant; the allegation being that he was indebted to that firm in the sum of $586.19, upon an account stated.

Defendant was a customer of the firm, who were stockbrokers and had purchased stock for defendant and advanced moneys on his account as part of the purchase price thereof. A statement of account was mailed to defendant on or about May 1, 1906, and upon the testimony of one of the firm that they had never received any objection, oral or written, to the account, it was sought to make it an account stated, although defendant was not claimed to have ever accepted the same or admitted its correctness. Defendant testified that his account with the firm was opened at its 125th street branch, whereof E. C. Curnen was manager; that all his stock dealings were had. through Curnen; and that as soon as he received the account in question he complained to Curnen about it, and disputed the accuracy of the account which showed the sale of his stocks, claiming that the sale was unauthorized and that the whole transaction was an outrage. He then called Curnen's attention to the fact that he had expressed to the chief clerk of the firm, before his stocks were sold, his readiness to pay his account and take up his stocks; his call at their main office having been at Curnen's suggestion. The witness Leo, one of the firm, admitted on cross-examination that E. C. Curnen was in charge of their 125th street office; that orders were taken there; and that he talked with the customers, advising them when more money was needed, and "in a general way handling the customers up there."

[1] The defendant's testimony before referred to was not attempted to be contradicted. The learned trial court refused to charge the jury that if, after the receipt of the account, defendant protested to Curnen and repudiated the account, plaintiff was bound thereby, saying there was no evidence that Curnen "was the duly authorized representative of the defendant for that purpose." If this is a clerical error, and what was meant was that Curnen was not "the duly authorized representative of plaintiff for that purpose," then it was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

error to refuse so to charge, for Curnen upon the undisputed proof was the general manager of the firm, and its representative in charge of the 125th street branch, and there was no necessity that he should be specially authorized to receive protests from the customers of that branch; that came within the scope of his general authority. If the refusal is to be taken literally, of course it had no application to the facts in the case.

[2] We are of the opinion that the agency of Curnen having been established, and defendant's testimony as to his protest to him against the accuracy of the account having been uncontradicted, plaintiff had failed to establish that there was any account stated.

[3] To constitute an account stated requires the act of two parties, the debtor and the creditor.

"There must be a mutual agreement between them as to the allowance and disallowance of the respective claims, and as to the balance as it is struck upon the final adjustment of the whole account and demands of both sides. Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct. But this agreement and assent need not be direct and express, but may be implied from circumstances. If one party presents his account to the other, and the latter makes no objection, it may well be inferred that he is satisfied with and assents to it as correct. If an account be made up and transmitted by one party to the other by mail, and the latter keeps it for some considerable time without making any objection, he is held to have acquiesced in it. But in all cases there must be proof, in some form, of an express or implied assent to the account rendered by one party to the other, before the latter can be held to be so far concluded that he can impeach it only for fraud or mistake." Stenton v. Jerome, 54 N. Y. 484.

In this case not only is there no proof of any assent to the account by defendant, either expressed or implied, but there appears the uncontradicted proof of a protest against the account and a repudiation of its accuracy.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.